IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RILEY B. KING | § | |
| v. | § | CIVIL ACTION NO. 6:04cv552 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Riley King, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the alleged wrongful denial of time credits on his sentence. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

King states that he was convicted of burglary of a habitation on September 24, 2003, receiving a sentence of 20 years in prison. He states that the trial court "compelled" him to forfeit his time credits as part of the plea agreement.

King asserts that he is entitled by law to his time credits. He acknowledges that the denial of these credits was part of the plea agreement, but says that this violates a "well established rule" that defendants cannot bargain these credits away.

The Magistrate Judge ordered the Respondent to answer King's petition. In his answer, the Respondent points out that the agreed plea recommendation, signed by King, his attorney, the prosecutor, and the judge, specifically provides for a 20-year sentence with no time credits. The state court records show that the phrase "NO CREDIT" appears in capital letters on the form.

The Respondent also maintained that there is no constitutional right to receive pre-sentence time credits unless a person is held on a bailable offense, cannot make bail due to indigency, and is

sentenced to the statutory maximum punishment for the offense of conviction. Jackson v. Alabama, 530 F.2d 1231, 1237 (5th Cir. 1976). The Respondent argued that King did fit into this exception and thus has no constitutional right to receive pre-sentence time credits.

In King's response to the answer, he argued that he was improperly charged with a first-degree felony because burglary of a habitation is a second-degree felony. King says that the maximum sentence for a second-degree felony is 20 years, so he did receive the statutory maximum punishment, this entitling him to the time credits.

On May 17, 2005, the Magistrate Judge issued a Report recommending that the petition be denied. The Magistrate Judge observed that King's signing of the plea agreement carried a presumption of verity under Blackledge v. Allison, 431 U.S. 63, 74 (1977). King knew that he was agreeing to the punishment recommendation of 20 years without time credits, but voluntarily entered into the agreement. As the Magistrate Judge observed, King offered nothing to show that the agreement was involuntary or unknowing; while he bargained away his time credits, he received in return a 20-year sentence rather than going to trial and risking a sentence of 99 years or life in prison. The Magistrate Judge further stated that the Respondent correctly set out the law concerning time credits, in that there is no constitutional right to such credits unless a person is held for a bailable offense, cannot make bail due to indigency, and receives the statutory maximum sentence. King was charged with the offense of burglary of a habitation, which is a second-degree felony, but this charge was enhanced by a prior conviction. Hence, the appropriate range of punishment was that of a first-degree felony, which is five to 99 years or life. Tex. Penal Code art. 12.42(b). He received a 20-year sentence, well below the maximum, so he has no constitutional entitlement to pre-sentence time credits. The Magistrate Judge therefore concluded that King had failed to show any entitlement to habeas corpus relief.

King filed objections to the Magistrate Judge's Report on June 2, 2005. In his objections, he argues for the first time that the guilty plea was involuntary because he understood through his attorney that he would be accepting a plea of 20 years with one enhancement being dropped. He also

says that there was no mention or understanding about jail time credits until after the judgment was imposed, so there was no way that he could recognize the consequences of his plea.

The Fifth Circuit has held that issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994). In this case, King has raised for the first time in his objections an assertion that his plea was unknowing or involuntary. He did not assert this claim in his petition, nor in his response to the answer. Hence, the claim is not properly before the district court.

Even were this claim properly before the Court, however, it is plain that it is without merit. As the Magistrate Judge observed, King signed the agreed punishment recommendation, which clearly set out the recommendation of a 20-year sentence with no time credits. The fact of no time credits was set out in capital letters. He has failed to show that he did not know or understand the contents of the agreement which he signed. As the Magistrate Judge observed, solemn declarations in open court carry a "strong presumption of verity," and there must be independent indicia of the likely merit of the petitioner's contentions, not merely contradictions of the statements made at the plea proceeding. Blackledge v. Allison, 431 U.S. at 74; United States v. Raetzsch, 781 F.2d 1149, 1151 (5th Cir. 1986). King has failed to make such a showing. His claim on this point is without merit.

King also contends that he was not admonished properly, and that he stated in open court that "y'all are railroading me," and that he did not agree to no time credits. This claim is also raised for the first time in King's objections and is not properly before the district court. In addition, the Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983); *see* Koch v. Puckett, 907 F.2d 524, 530

(5th Cir. 1990). The state court records do not support King's unsubstantiated assertions regarding his admonishments and his alleged objection to the agreement; instead, these records show on their face that King's plea was knowing and voluntary. His claim on this point is without merit.

After repeating his claim that he did not agree to the proposed punishment, despite his signature on the form, King returns to his claim that he was guilty only of a second-degree offense, punishable by a sentence of two to 20 years in prison. He says that the trial court, the state habeas court, and the federal court incorrectly said that he was guilty of a first-degree felony; in fact, King says, he was convicted of a second-degree felony, with an enhancement count to a first-degree felony. In support of this claim, King submits a second *nunc pro tunc* judgment from the trial court, which states that he was convicted of a second-degree felony, with a punishment range of two to 20 years, enhanced to a first-degree felony, carrying a punishment range of five to 99 years or life.

From this, King advances the novel argument that he is constitutionally entitled to jail time because he received the maximum sentence applicable to second-degree felonies, 20 years, despite the fact that the enhancement count raised the maximum sentence which he was facing to 99 years or life. King does not dispute the enhancement count, and the state court records show that he pleaded "true" to this count.

This contention is patently without merit. As stated by the Fifth Circuit, inmates are constitutionally entitled to pre-sentence time credits if they receive the statutory maximum sentence, the offense is bailable, and they cannot make bail due to indigency. In this case, the statutory punishment which King was facing was 99 years or life, because of the enhancement. He was given a sentence well short of the statutory maximum which he was facing. King's claim of a constitutional entitlement to jail time credit is without merit.[1]

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the state court records, the Petitioner's

---

[1] The Court notes also that King has failed to show or even allege that he could not make bail due to indigency.

response to the answer, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 10th day of June, 2005.**

_____
WILLIAM M. STEGER
UNITED STATES DISTRICT JUDGE